UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEANNE HERRINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT BEZOTTE,<br><br>    Defendant. | Case No. 14-cv-13395<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER SUMMARILY DENYING, PETITION FOR HABEAS CORPUS [1], DENYING MOTION FOR DEFAULT JUDGMENT [6], AND DENYING MOTION TO EXPUNGE [7]**

Petitioner Jeanne Herrington, currently incarcerated at the Livingston County Jail in Howell, Michigan, filed a petition for the "Great Writ of Habeas Corpus," which this Court construes as a petition brought pursuant to 28 U.S.C. § 2241. In her *pro se* application, Petitioner claims that she is being unconstitutionally detained by the United States Marshals Service for an unspecified charge or conviction. Petitioner has also filed a Motion for Default Judgment (Dkt. 6) and a Motion to Expunge "All State of Michigan and United States of America Case/Item in the Strawman Name JEANNE HERRINGTON aka JEANNE MARIE HERRINGTON" (Dkt. 7.) For the reasons stated below, the Petition for Writ of Habeas Corpus is summarily denied and the Motion for Default Judgment and Motion to Expunge will also be denied.

**I.  BACKGROUND**

Petitioner claims that she is being unlawfully detained by the United States Marshals Service at the Livingston County Jail. But she does not specify on what charges

or conviction. This Court has searched the records for the United States District Courts for the Eastern and Western Districts of Michigan and has been unable to locate any pending federal criminal charges or convictions involving Petitioner. The Court searched PACER records more broadly and located a criminal case out of the United States District Court for the Northern District of Ohio in which Petitioner was convicted on November 14, 2008, for conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and interference with administration of the Internal Revenue Service, in violation of 26 U.S.C. § 7212(a). *See United States v. Herrington,* No. 06-CV-00426 (N.D. Ohio Nov. 14, 2008). Petitioner was sentenced to ninety-six months imprisonment, with the court ordering that twenty-four months of the sentence be served concurrently with a state sentence petitioner was serving and the remaining seventy-two months of the sentence would be consecutive to this sentence.

While Petitioner's appeal was pending, she filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied without prejudice. *United States v. Herrington,* No. 06-CV-00426 (N.D. Ohio Sept. 21, 2009). The United States Court of Appeals for the Sixth Circuit affirmed petitioner's conviction. *United States v. Herrington*, No. 09-3733 (6th Cir. Dec. 23, 2010) (unpublished). Petitioner filed a motion for default judgment, which was construed as a motion to vacate sentence and denied. *United States v. Herrington*, No. 06-CV-00426 (N.D. Ohio Sept. 27, 2012).[1]

---

[1] This Court obtained this information from the PACER system, www.pacer.gov, which this Court is entitled to take judicial notice of. *See Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003). A district court is also permitted to take judicial notice of its own files and records in a habeas proceeding. *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568

Again, Petitioner does not specifically indicate whether she is challenging her 2008 conviction or some other detention.[2] In any event, Petitioner claims that she is a secured party creditor under the Uniform Commercial Code ("UCC") in a fictitious person or "strawman" known as "Jeanne Marie Herrington." She claims to have obtained this secured interest in herself by filing the appropriate paperwork with the Michigan Secretary of State. Petitioner claims that as a result of this security interest, her birth certificate, her name, and her person are her property. Petitioner argues that the United States Marshals Service does not have the power to detain her because they failed to acquire a security interest in her person, as required by the UCC, and that she, as the secured creditor, has a superior interest over her own person. Petitioner therefore claims that she is being unlawfully detained and asks to be released from custody.

## II. ANALYSIS

### A. Petition for Habeas Corpus

The petition for writ of habeas corpus will be dismissed because Petitioner fails to state a claim upon which relief can be granted.

As an initial matter, Petitioner labels her filing as a petition for the "Great Writ of Habeas Corpus." A petition for the "great writ of habeas corpus" is merely another name

---

(10th Cir. 2000); *see also Irving v. Bouchard*, 04-cv-73861-DT, 2005 WL 1802122, at * 1 (E.D. Mich. July 25, 2005).

[2] The Court is also aware, based on its examination of the PACER records, that in 2010, Petitioner filed a petition for writ of habeas corpus raising claims of error regarding her Jackson County Circuit Court convictions for false pretenses and absconding on bond in a criminal proceeding. *Herrington v. Warren*, No. 11-12253 (E.D. Mich. Oct. 19, 2010). This Court dismissed the Petition without prejudice because Petitioner had not yet exhausted her state court appeals. *Herrington v. Warren*, No. 11-12253, ECF No. 4, at *4 (E.D. Mich. Oct. 19, 2010). Petitioner does not plead that she has since exhausted her claims of error for these convictions, nor does she mention these convictions anywhere in her petition.

for the common law writ formerly used to inquire into the cause of a person's restraint. *See Carbo v. United States,* 364 U.S. 611, 614–15 (1961). This common law writ, however, was codified into the provisions of 28 U.S.C. § 2241. *See Stantini v. United States,* 986 F. Supp. 736, 739–40 (E.D.N.Y. 1997). Accordingly, this Court construes petitioner's application as being brought under 28 U.S.C. § 2241. *See Walls v. U.S.*, No. 2:06-cv-12441; 2006 WL 1851184, at * 1 (E.D. Mich. June 30, 2006).

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may be summarily dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). Summary dismissal is also available if it plainly appears from the face of the petition or the exhibits attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. In fact, the Sixth Circuit long ago indicated its "disapprov[al of] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970).

A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No response to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response by the state. *Id.* Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially

4

insufficient habeas petitions brought under § 2241. *See e.g. Perez,* 157 F. Supp. 2d at 796. Here, Petitioner fails to specify the charge or conviction she is challenging, whether the 2008 Northern District of Ohio conviction or some other charge. This raises two procedural issues.

First, to the extent there are any pending federal criminal charges against Petitioner, it would not be appropriate for her to challenge them in a petition for writ of habeas corpus. It is well established that a criminal defendant cannot use a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution. *See Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547 (1905); *Horning v. Seifart*, 107 F.3d 11 (Table), No. 1997 WL 58620, * 1 (6th Cir. February 11, 1997) (unpublished); *Ferguson v. Gilliam*, 946 F. 2d 894 (Table), No. 1991 WL 206516, * 1 (6th Cir. October 11, 1991) (unpublished). Petitioner could not challenge any pending federal prosecution in her current habeas petition. Moreover, if petitioner is challenging a pre-trial detention order, the appropriate vehicle for such a challenge is an expedited appeal pursuant to the Bail Reform Act, 18 U.S.C. § 3145(b)–(c), and not a habeas corpus petition. *See Whitmer v. Levi,* 276 F. App'x 217, 219 (3rd Cir. 2008).

Second, Petitioner cannot challenge her 2008 Northern District of Ohio conviction through a petition for habeas corpus. Indeed, a petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the

5

manner in which his sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). In contrast, where a federal inmate claims that her sentence was imposed in violation of the federal constitution or laws, a motion to vacate sentence under § 2255 is the proper avenue for relief. *Id.* In examining these statutory sections, the Court finds that a remedy under § 2241 is not appropriate.

A federal prisoner may challenge his conviction or sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Wooten*, 677 F.3d at 303; *Charles*, 180 F.3d at 756; *Hervey v. United States*, 105 F. Supp. 2d 731, 733 (E.D. Mich. 2000). Similarly, a habeas petitioner's § 2255 remedy is not inadequate merely because the petitioner permitted the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one year statute of limitations to expire. *Charles,* 180 F.3d at 758.

The circumstances under which a motion to vacate sentence brought pursuant to § 2255 might be deemed inadequate and ineffective so as to permit relief via a writ of habeas corpus under § 2241 are narrow, as the "liberal allowance" of the writ would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by the AEDPA. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). To date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to use § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence. *Charles*, 180 F.3d at 757.

Petitioner does not allege that her remedy under 28 U.S.C. § 2255 is inadequate for her to bring a post-conviction challenge to her federal conviction, nor does she claim actual innocence (with respect to the Northern District of Ohio conviction or any other conviction.) Without any allegation that her remedy under § 2255 is inadequate or ineffective, petitioner is not entitled to habeas relief from her criminal conviction and sentence pursuant to 28 U.S.C. § 2241. Moreover, this Court cannot construe this petition as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. *See In re Shelton*, 295 F. 3d 620, 622 (6th Cir. 2002).

Lastly, habeas relief is not warranted because Petitioner fails to show that her alleged detention is unlawful. Petitioner claims that the Marshals Service cannot detain her because they lack any security interest in her person, and do not have any contract with her or in admiralty to grant them jurisdiction over her case. This claim is frivolous.

Not surprisingly, Petitioner cites no support for the proposition that the federal government needs a security interest in someone in order to prosecute or detain them. Nor can she prevent these actions by declaring a security interest in herself pursuant to the UCC. *See Van Hazel v. Luoma,* No. 05–cv–73401–DT, 2005 WL 2837356, at *2 (E.D. Mich. October 27, 2005) ("Petitioner cannot divest the State of Michigan of jurisdiction to prosecute him of a criminal offense simply by declaring a security interest in himself pursuant to the Uniform Commercial Code or having another person do so."); *see also Kerr v. Hedrick,* 89 F. App'x 962, 963 (6th Cir. 2004) (rejecting petitioner's claim that he was exempt from punishment for his federal crimes because his rights derived exclusively from the Moorish Science Temple of America); *United States v. Studley,* 783 F. 2d 934, 937 (9th Cir. 1986) (holding that despite defendant's contention that she was an absolute, freeborn and natural individual, she was a "person" under the Internal Revenue code and thus subject to prosecution for willful failure to file tax returns); *State v. Arnold,* 379 N.W. 2d 322, 323 (S.D. 1986) (holding that the trial court had jurisdiction over criminal defendant, even though defendant had declared natural individual sovereignty and declared the revocation of his marriage license, birth certificate, limited liability for perpetual succession of debt and credit, and social security indentures); *United States v. Williams,* 532 F. Supp. 319, 320 (D. N.J. 1981) (rejecting claim that federal government lacked jurisdiction to prosecute defendant who claimed to be a citizen of the "Republic of New Afrika," finding that this was not a sovereign nation recognized by the United States, but was, at most, a separatist movement).

In addition, the Uniform Commercial Code is inapplicable to criminal proceedings and cannot bar jurisdiction over a criminal defendant. *See United States v. Humphrey,* 287 F. 3d 422, 435 (6th Cir. 2002); *overruled on other grounds by, United States v. Leachman*, 309 F.3d 377 (6th Cir. 2002); *United States v. Holloway,* 11 F. App'x 398, 400 (6th Cir. 2001) (unpublished); *Chandler,* 2005 WL 1640083, at * 2 .

For all of these reasons, the Court finds that the Petition is facially insufficient to enable a grant of habeas relief and will summarily dismiss it.

### B. Motion for Default Judgment

On October 16, 2014, Petitioner filed a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55. (Dkt. 6.) Petitioner claims that because no response to her Petition has been filed, she is entitled to an immediate release from custody. This argument is unavailing because default judgments are not available in habeas corpus proceedings. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) ("Rule 55(a) has no application in habeas corpus cases . . . ."), *superseded on other grounds by statute as stated in Cobb v. Perini*, 832 F.2d 342 (6th Cir.1987).

### C. Motion to Expunge

Petitioner also filed a "Motion to Expunge due to Fraud all State of Michigan and United States of America Case/Item in the Strawman Name Jeanne Herrington." (Dkt. 7.) Petitioner asserts that the government has acted with "unclean hands" with respect to her arrests and convictions.

This Court's jurisdiction to hear motions to expunge convictions or arrests is "limited" in the absence of an enabling federal statute. *United States v. Field*, 756 F.3d 911, 915 (6th Cir. 2014). The Sixth Circuit stated in *Field* that in such a circumstance, "federal courts lack ancillary jurisdiction over motions for expungement based on purely equitable considerations, yet retain

ancillary jurisdiction over motions challenging an unconstitutional conviction." *Id.*; *see also United States v. Robinson*, 79 F.3d 1149, at *2 (6th Cir. 1996) (unpublished) ("[F]ederal courts have most readily invoked the expungement power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct."). And "even where a motion for expungement not only raises equitable grounds but also challenges an unconstitutional conviction or illegal arrest, the assertion of ancillary jurisdiction must enable the court 'to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Id.*

The Court is unaware of any statutory authority that would enable it to expunge Petitioner's known federal and state convictions. Petitioner does not allege that her past convictions were unconstitutional; instead, she asserts that unspecified government officials have acted with "unclean hands" with respect to her convictions. This unsupported allegation is insufficient to invoke this Court's ancillary jurisdiction.

Accordingly, Petitioner's Motion to Expunge will be denied.

### III. CONCLUSION

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DENIED** and Petitioner's Motions for Default Judgment and to Expunge are **DENIED**. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of her habeas petition.

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

Dated: January 21, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 21, 2015.

                                                s/Jane Johnson
                                                Case Manager to
                                                Honorable Laurie J. Michelson